**Opinion filed July 10, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00367-CR & 11-13-00368-CR

_____

## CHRISTOPHER MICHAEL COBOS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-37,580 & C-37,581**

## M E M O R A N D U M   O P I N I O N

Christopher Michael Cobos pleaded guilty in September 2010 to the offense of driving while intoxicated, third offense (No. 11-13-00367-CR) and to the offense of criminal mischief, $1,500 or more but less than $20,000 (No. 11-13-00368-CR). In accordance with a plea agreement, the trial court convicted Appellant of both offenses and assessed Appellant's punishment at confinement for five years and a fine of $750 in No. 11-13-00367-CR and at confinement for two years in No. 11-13-00368-CR. The trial court suspended the imposition of the confinement portion of both sentences and placed Appellant on community

supervision for a term of five years for each offense. In March 2011, the State filed a motion to revoke Appellant's community supervision in both cases based on allegations that Appellant had violated the terms and conditions of his community supervision. The motions were resolved when the trial court entered an order amending the rules of Appellant's community supervision.

In November 2011, the State filed a motion to revoke Appellant's community supervision in No. 11-13-00368-CR based upon two alleged violations by Appellant of the terms and conditions of his community supervision. In January 2012, the State filed a motion to revoke Appellant's community supervision in No. 11-13-00367-CR based upon three alleged violations by Appellant of the terms and conditions of his community supervision. At a hearing on the motions, Appellant pleaded "true" to all three of the allegations in No. 11-13-00367-CR, and he pleaded "true" to one of the two allegations in No. 11-13-00368-CR. After receiving evidence, the trial court found all the allegations in both causes to be true, revoked Appellant's community supervision in both causes, and assessed Appellant's punishment at confinement for four years in No. 11-13-00367-CR and at confinement for two years in No. 11-13-00368-CR. The sentences are to run concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. In each appeal, the motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief in each appeal and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v.*

---

[1] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

*California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

July 10, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.